**In the Matter of Brenda Irene FELSINGER, Debtor.**

**Bankruptcy No. 81–1358.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Jan. 18, 1982.

William Meehan, Fort Myers, Fla., for debtor.

Diane Jensen, Fort Myers, Fla., trustee.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested proceeding and the matter under consideration is the right of Brenda Irene Felsinger to claim the benefits of the exemptions available under the laws of the State of Florida pursuant to Article X, § 4, Chapter 222, FSA.

The matter before this Court is presented by objection to the exemptions claim of the Debtor, Brenda Felsinger, involved in a Chapter 7 liquidation case interposed by the trustee of the estate who claims that the Debtor is not entitled to any exemptions because she does not qualify for exemptions under the applicable state law.

The facts relevant to the disposition of this controversy according to the parties are without dispute and may be summarized as follows:

On July 31, 1981, Joel Felsinger filed a voluntary petition for relief. Joel Felsinger in his schedules claimed the benefits of the exemptions available to the head of the household in the State of Florida and this claim of exemption passed unchallenged and, by operation of law, became recognized as a valid claim of exemptions.

Also on July 31, 1981, Brenda Felsinger filed her petition for relief under Chapter 7 and also claimed the benefits of the exemptions available to persons who qualify to be head of a household in the State of Florida.

Joel and Brenda Felsinger, although married at one time, at the time their respective petitions were filed were no longer married and by virtue of a final judgment entered by the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case No. 76–311, their marriage was dissolved on March 11, 1976.

It is without dispute that, although they were divorced on the date that their respective petitions were filed, they have lived together with two minor children who were the issue of their marriage.

It appears that Mr. Felsinger was ordered by the Circuit Court which dissolved the marriage to support the children, although by virtue of a separation agreement ultimately approved by the Court, the custody of the children were awarded to the wife, Mrs. Felsinger.

It is equally clear, however, that the same agreement provides that Mr. Felsinger shall maintain a close relationship with the children and shall at his option have custody of the children at least two days per week or at least four weeks consecutive during the summers.

There is no dispute that the husband claimed both children as dependents on his income tax return, and as far as it appears, furnishes the complete support for the children.

The claim of exemption asserted by the Debtor, Brenda Felsinger, according to her counsel, is based on the proposition that since she was awarded custody of the children, she is the head of the family composed of herself as the head and the two daughters as the dependents and, therefore,

she is entitled as a matter of right to gain the benefits of the exemption laws accorded by the laws of the State of Florida, Article X, § 4, Fla.Const., Chapter 222.10 FSA. It should be noted at the outset that "the exemption laws are intended to preserve for the unfortunate citizen and his family certain things necessary to entitle him to earn a livelihood," and the Florida courts have always held that the state's homestead laws should be construed liberally in the interests of the family and in favor of the person entitled to them. *Vandiver v. Vincent*, 139 So.2d 704 (Fla.2d DCA 1962). On the other hand, the exemption laws should not be construed so as to make them an instrument of fraud, an imposition on creditors, or a means to escape honest debts.

██ In objecting to the claim of exemption, it is the contention of the trustee that it is well established by a long line of cases that there cannot be two heads of a family. 29 Fla.Jur.2d, *Homestead*, § 6 (1981); *Solomon v. Davis*, 100 So.2d 177 (Fla.1958). A divided household and a divided authority is contrary to the idea of a family unit and there can be but one head of a family for the purpose of acquiring or claiming homestead exemptions. *Anderson v. Garber*, 183 So.2d 693 (Fla.3d DCA 1966); *Barnett v. Pan American Surety Co.*, 139 So.2d 192 (Fla.3d DCA 1962). Accordingly, it is legally impermissible to accept the proposition urged by the Debtor's counsel that in this case there are two independent family units: one composed of the Debtor, Brenda Felsinger and the two minor children, and the second composed of Mr. Felsinger and the same two minor children or two family units composed of the identical dependents.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemptions be, and the same hereby is, sustained and the properties claimed as exempt shall be subject to administration by the trustee to be liquidated in accordance with the applicable provisions of the Bankruptcy Code.