**In re Dora HANSON, Debtor.**

**Adv. No. 84–05106.**

United States Bankruptcy Court,
D. North Dakota.

Aug. 20, 1984.

Michael J. Hannaher, Moorhead, Minn., for trustee.

Wickham Corwin, Fargo, N.D., for Sanford and Hammargren.

Dora Hanson, pro se.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on February 27, 1984. The Debtor subsequently filed on April 13, 1984, a Motion to convert the bankruptcy proceeding to a case under Chapter 7 of the Bankruptcy Code. The conversion was ordered, and the Debtor thereafter filed a new set of bankruptcy schedules. The Debtor included within the schedules filed with the Court on April 19, 1984, a schedule of property claimed as exempt. Pursuant to section 28–22–05 of the North Dakota Century Code, the Debtor claims a cash deposit of $2,500.00 as exempt. In addition, the Debtor claims under section 28–22–03.1 a cash deposit in the amount of $397.15. The schedule of exemptions indicates that the cash deposits are located in the Trust Department of the Fargo National Bank & Trust Company. The Debtor's exemption of these cash deposits was objected to on June 4, 1984, by Adeline Sanford, Hermoine Hammargren and the Law Firm of Conmy, Feste, Bossart, Hubbard & Corwin, Ltd. On June 11, 1984, the Debtor filed a Motion to dismiss these objections. The Debtor filed a further Amended Motion to dismiss these objections on June 18, 1984. A hearing on this matter was held before the undersigned on August 1, 1984.

## FINDINGS OF FACT

The cash deposits which the Debtor, Dora Hanson, claims as exempt to the extent of $2,897.15 is a cash fund consisting of contract payments for the sale of the following described real estate:

> Government Lots Four (4), Five (5) and Six (6), Section Twenty-four (24), Township 143, Range 49 West.

The records maintained by the Cass County Register of Deeds indicate that on March 25, 1949, the above-described property was conveyed to Kenneth C. Sanden by way of a Warranty Deed. On February 25, 1977, Sanden entered into a Contract for Deed with Dennis L. Borgen. Under the terms

of the Contract for Deed, Sanden agreed to convey his interest in all but 6.98 acres of the property to Borgen for the sum of $77,500.00, plus interest, payable in semi-annual $5,000.00 installments. Sanden retained a fee interest in the 6.98 acres excluded from that conveyed by the Contract for Deed for his homestead. On February 14, 1979, Sanden conveyed his interest in the real estate to the Debtor by way of a Warranty Deed. Sanden conveyed to Hanson through the Warranty Deed his vendor's interest in the property covered by the Borgen Contract for Deed, as well as his interest in the homestead.

On September 14, 1980, Adeline Sanford and Hermoine Hammargren commenced an action in Cass County District Court against Hanson and Sanden. Sanford and Hammargren sought through their action a recovery of compensatory and punitive damages for alleged malicious prosecution in connection with prior will contest proceedings. On September 16, 1980, Hanson conveyed her entire interest in the real estate to Petra O. Hanson under the terms of a Warranty Deed. Thereafter, the Complaint in the malicious prosecution action was amended to include a request to set aside the transfer between the Hansons as a fraudulent conveyance. In connection with the fraudulent conveyance claim, Sanford and Hammargren moved the Court for an order appointing a receivership to take charge of the property and to collect and retain all payments made pursuant to the Borgen Contract for Deed. On October 21, 1980, the Court entered an Order appointing Fargo National Bank & Trust Company as receiver for that purpose. On May 27, 1982, the jury returned a verdict in favor of Sanford and Hammargren and against Hanson and Sanden in the malicious prosecution action, awarding in part the following:

(a) Awarded to Sanford and Hammargren against Hanson and Sanden, jointly and severally, compensatory damages in the sum of $62,500.

(b) Awarded to Sanford and Hammargren against Hanson punitive damages in the sum of $30,000.

(c) Awarded to Sanford and Hammargren against Sanden punitive damages in the sum of $20,000.

(d) Awarded interest on the above damages from and after March 22, 1978.

(e) Determined that the September 16, 1980, conveyance of the property from Hanson to Petra O. Hanson was fraudulent and void.

A Judgment was entered in the malicious prosecution action on June 28, 1982. The Judgment recites in part that Hanson's interest in the property is subject to execution and satisfaction of the awards contained in the Judgment, and further provides that the receivership created pursuant to the Order dated October 21, 1980, would continue in full force and effect for as long as may be necessary to allow that execution to proceed.

Sanford and Hammargren obtained an Execution from the Clerk of the Cass County District Court on July 8, 1982. Pursuant to that execution, the Cass County Sheriff levied on July 15, 1982, upon all assets held in the receivership by the Fargo National Bank & Trust Company. Hanson and Sanden were served with notice of that levy on July 21, 1982. Prior to July 15, 1982, the Sheriff also levied upon the receivership assets on behalf of two competing judgment creditors of Hanson and Sanden, Morris Schwinden and the Garaas Law Firm. Hanson and Sanden filed documents with the District Court at that time asserting their exemption claims under state law. Because there were insufficient assets to satisfy all competing claims, and because issues were presented with regard to the priority and validity of the competing claims, the Fargo National Bank & Trust Company petitioned the District Court for direction as to the disbursement of the receivership assets. Before the District Court could rule on the disbursement, Sanden and Hanson appealed to the North Dakota Supreme Court from the Judgment entered in the malicious prosecution action.

In connection with their appeal, Sanden and the Hansons filed motions with the

District Court and later the Supreme Court for an order directing that sufficient funds be released from the receivership assets to purchase a transcript of the District Court proceedings. In its decision *Sanford v. Sanden,* 333 N.W.2d 429 (N.D.1983), the Supreme Court granted the motion requesting release of the funds. Pursuant to the Supreme Court's direction, the District Court entered on April 25, 1983, an Order directing the Fargo National Bank & Trust Company to release sufficient funds to the District Court reporter to purchase a transcript of the prior proceedings. On April 26, 1983, Fargo National Bank & Trust Company paid to the reporter the sum of $5,700.00 from the receivership assets. After the transcript of the District Court proceeding was obtained, the appeal to the Supreme Court proceeded. The District Court Judgment was ultimately affirmed, and Hanson and Sanden's petition for a rehearing was thereafter denied. At no time following the entry of the District Court Judgment on June 28, 1982, did the District Court or the North Dakota Supreme Court enter an order staying the enforcement of that Judgment.

## CONCLUSIONS OF LAW

It is argued that Dora Hanson elected to use the portion of the fund which she was entitled to exempt to purchase a transcript for purposes of her appeal. The objecting parties in this instance contend, therefore, that Dora Hanson has exhausted her right to claim the cash on deposit as exempt property.

██ Once a bankruptcy proceeding is commenced, a debtor is entitled to claim her absolute exemptions provided under section 28–22–02 of the North Dakota Century Code. Additional exemptions for residents of the state are provided under section 28–22–03.1 of the North Dakota Century Code. A debtor may claim under section 28–22–03.1 up to $7,500.00 in lieu of the homestead exemption provided under the absolute exemptions in section 28–22–02. A single person may additionally claim as exempt under 28–22–05 of the North Dako-

ta Century Code property of a value not to exceed $2,500.00. A debtor who commences a bankruptcy proceeding is given a right to claim these exemptions under section 522(b) of the Bankruptcy Code. A debtor may claim these exemptions notwithstanding any waiver of exemptions executed prior to commencement of the bankruptcy proceeding. 11 U.S.C. § 522(e). Similarly, although a debtor's prior failure to assert exemptions may constitute an implied waiver of those exemptions, section 522(d) gives the debtor a new opportunity as of the date the bankruptcy proceeding is commenced to claim her exemptions. Exemption rights in bankruptcy are determined as of the date of the bankruptcy petition. *In re Currie,* 34 B.R. 745 (D.Kan.1983). It has been noted that the right of exemption is a personal privilege. *In re Arnold,* 33 B.R. 765, 767 (Bankr.E.D.N.Y.1983). Thus, courts carefully see that the exemption laws are not construed so as to make them an instrument of fraud. *See In re Felsinger,* 17 B.R. 226 (Bankr.M.D.Fla.1982). Where the property to be exempted is determined to be a fruit or instrumentality of a crime, the exemption will be disallowed. *See In re Ryan,* 32 B.R. 794 (Bankr.D.Md. 1983). An exemption claim will also be disallowed where the property to be exempted was fraudulently concealed by the debtor both before and after the filing for bankruptcy relief. *See In re Settle,* 14 B.R. 31 (Bankr.D.N.H.1981). In order to obtain denial of an exemption claim, the objecting parties must, therefore, show that the funds or the debtor's actions are tainted by fraud or illegality. There is no evidence in this instance that such is the case.

██ The Debtor is entitled under section 28–22–03.1 and section 28–22–05 of the North Dakota Century Code to exempt property of a total value of $10,000.00. Hanson claims in her schedule property of a total value of $3,052.15 under those two sections of the North Dakota Century Code. Even if the Court were to construe the state court order directing release from the receivership of funds for payment of

the transcript to be a use by the Debtor of her exempt property, the Debtor will not have exhausted the exemptions to which she is entitled under section 28–22–03.1 and section 28–22–05 of the North Dakota Century Code.

Accordingly, and for the reasons stated,

IT IS ORDERED:

That the objections to the Debtor's claim of exemptions is DENIED.