**In re Douglas K. BALLARD and Mary E. Ballard, Debtors.**

**Bankruptcy No. 6–89–255.**

United States Bankruptcy Court, D. Minnesota, Third Division.

May 9, 1990.

Kevin Duffy, Thief River Falls, Minn., for debtors.

Wayne Drewes, Fargo, N.D., trustee.

Edward Klinger, Moorhead, Minn., for Farm Credit Service.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter is before the Court on objection by Farm Credit Services (FCS) to the Debtors' claimed exemptions, and on the Debtors' motion to avoid the FCS lien on certain farm machinery and equipment claimed exempt. Appearances are as noted in the record. Based upon the arguments of counsel and upon all the records and files and proceedings herein, the Court being fully advised in the matter now makes this Order pursuant to the Federal and Local Bankruptcy Rules.

## I.

The Debtors are farmers who filed a voluntary Chapter 7 petition on May 4, 1989. They received a general discharge in August of that year. In their schedule B–4 to the petition, the Debtors claimed as exempt certain farm equipment and machinery, household goods and personal property, their homestead, a 1986 Buick, and wearing apparel.

Prior to the bankruptcy filing, the Debtors wrongfully converted a significant amount of the FCS collateral and appropriated the proceeds for their own use. Apparently, some of the proceeds were paid toward the purchase of the Debtors' homestead and the Buick. FCS timely objected to the claimed exemptions and brought a non-dischargeability action based on the pre-petition conversion.

The exemption challenge was stayed by agreement of the parties, with Court approval, pending resolution of the non-dischargeability action. The Debtors subsequently defaulted on a motion for summary judgment in that matter, which was heard on December 19, 1989. Judgment declaring the entire amount of the debt ($170,124.14) non-dischargeable was entered accordingly.

In the meantime, the Debtors filed their motion for lien avoidance, pursuant to 11 U.S.C. § 522(f)(2)(B), on December 14. FCS objected to the motion, based on the wrongful conduct of the Debtors with respect to its other collateral that provided the grounds for the non-dischargeability judgment. FCS does not claim, and the record does not show, that proceeds from the converted collateral were used to purchase or create equity in the machinery and equipment. Finally, FCS does not claim that the Debtors committed any fraud, misrepresentation or other defalcation in connection with the bankruptcy case.

## II.

FCS argues that the exemptions should be disallowed because of the Debtors' wrongful pre-petition conduct regarding the FCS collateral. However, that was a two-party matter, which did not involve fraud or defalcation against general creditors, or similar conduct in connection with the bankruptcy case.[1]

Exemptions are scrutinized in light of their impact upon a debtor's estate. They are appropriately disallowed in providing a remedy to the estate, for wrongful conduct or overreaching by a debtor that otherwise prejudices the estate or its general credi-

---

1. FCS relies on the following cases in support of its objection: *Hanson v. First Nat'l Bank in Brookings,* 848 F.2d 866 (8th Cir.1988); *In re Gaines,* 106 B.R. 1008 (Bankr.W.D.Mo.1989); *In re Saunders,* 37 B.R. 766 (Bankr.N.D.Ohio 1984); *In re Butts,* 45 B.R. 34 (Bankr.D.N.D.1984); and, *In re Hanson,* 41 B.R. 775 (Bankr.D.N.D.1984).

These all involved allegations of fraud or defalcation in connection with the bankruptcy case itself, usually through the transformation of nonexempt assets into exempt property on the eve of filing to shield them from the estate and its general creditors.

tors. Here, the Debtors' pre-petition conduct did not prejudice their bankruptcy estate. Indeed, the property claimed exempt is either theirs through statutory exemption entitlement, or it belongs to FCS as the traced proceeds of its wrongfully converted collateral. In either case, the estate has no claim on the property.

FCS is not without remedies. It has already availed itself of the substantial one of non-dischargeability. Furthermore, to the extent that proceeds of the FCS collateral can be traced into exempt assets, FCS has its state court remedy of constructive trust. Accordingly, the pre-petition wrongful conduct of the Debtors against FCS, and its collateral, does not provide a basis for denial of their exemptions from the estate.

The Debtors' pre-petition conduct regarding FCS does not provide a basis for denial of their lien avoidance rights either. FCS had the remedy of non-dischargeability, of which it availed itself for the full amount of the $170,000 debt.[2] The farm machinery and equipment was not part of any fraudulent scheme or defalcation by the Debtors, and § 522(f) does not disqualify them from avoiding the FCS lien.

Accordingly, IT IS HEREBY ORDERED:

1. The exemptions claimed by the Debtors on their Schedule B–4 filed with the petition are allowed, and Farm Credit Services' objection is overruled.

2. The Debtors' motion for lien avoidance is granted with respect to those items listed on Exhibit "A" to the motion. Farm Credit Services shall release its security interest of record in those items consistent with this order.

---

2. The value of the collateral converted was $54,000.