. **In re Robert A. HERD, Debtor.**

**Bankruptcy No. 2–94–02783.**

United States Bankruptcy Court, D. Connecticut.

Dec. 28, 1994.

James A. Wade and Denise M. Cloutier, Robinson & Cole, Hartford, CT, for Hannon Group, Inc., creditor.

James C. Mulholland, Wethersfield, CT, for debtor.

*MEMORANDUM OF DECISION ON OB-JECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS AND TO MOTION TO AVOID JUDICIAL LIEN*

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

Robert A. Herd, the debtor, in his Chapter 7 petition filed on August 3, 1994, claimed, pursuant to Code § 522(d)(1) and (5), a $7,900 exemption in his residence, described as a "1976 Egghabor [sic] 33' Boat." The debtor's schedules listed the boat, valued at $15,000, as subject to an $80,000 judgment lien held by The Hannon Group, Inc. (Hannon). On September 21, 1994, the debtors filed a § 522(f) motion to avoid the judgment lien to the extent the lien impaired the claimed exemptions. Hannon, on October 11, 1994, filed objections to the debtor's lien-avoidance motion and to the debtor's claim that the boat qualified for the residence exemption. The objections were heard on October 19, 1994, after which the parties submitted written claims of law.

### II.

#### BACKGROUND

The debtor, in 1991, became separated from his wife during a divorce proceeding. In April, 1991, he moved onto his boat, moored at a marina located in the Town of Stonington, Connecticut, and thereafter used the boat as his residence during the months of April through November. For the months of December through March each year, he placed the boat in drydock at the marina.

The boat was equipped with three cabins for sleeping, a heating system (which operated only when the boat was afloat) a shower, toilet facilities and a galley. During the months of December through March each year the debtor testified he generally "roamed," sometimes renting an apartment or staying with friends in different parts of the country or sleeping in his car.

Hannon had obtained a default judgment against the debtor in the Connecticut Superior Court on August 24, 1992. A Superior Court order, dated September 21, 1993, obtained at Hannon's request, required the debtor "to keep the 1976 Egg Harbor Boat known as the 'Pam–C–Shell' in storage and to refrain from removing it from storage pending further order of this court." The debtor, in December 1993, complied with the court order and placed the boat in drydock at the Stonington marina. In April 1994, the debtor took up residence in the drydocked boat, and with the permission of the marina's owner connected the boat to the marina's electrical and fresh water outlets.

The debtor contended at trial that he had no residence other than the boat. At the time of the filing of his petition, he had left the boat to assist his mother at her house. The debtor, on cross-examination, conceded that he possessed no certificate of occupancy from any governmental authority to live on the drydocked boat.

Hannon contends its "judicial lien should not be avoided because the Debtor is not lawfully entitled to the exemption he claims" as the debtor's use of the boat as a residence violates the Superior Court order, state statutes, the public health code, and Stonington zoning regulations. Hannon Supplemental Memorandum at 1, 3.

### III.

#### DISCUSSION

■■■ A debtor, under § 522(d)(1), may exempt "[t]he debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor ... uses as a residence...." A debtor may also claim a $400 exemption under § 522(d)(5) for any property in which the debtor has an interest.[1] Section 522(f) permits a debtor to avoid a judicial lien on an interest of the

---

1. Congress has changed the exemption amounts for all cases filed after October 22, 1994.

debtor in property to the extent such lien impairs an exemption to which the debtor is entitled.

Hannon's objections, at heart, go to whether the debtor is entitled, under the circumstances presented, to claim a homestead exemption based on his use of the boat as a residence, not whether the debtor may invoke § 522(f). Hannon does not seriously contest the debtor's use of the $400 exemption under § 522(d)(5) or that a boat can be classified as a residence for the purposes of § 522(d)(1). *See, e.g., In re McMahon,* 60 B.R. 632, 634 (Bankr.W.D.Ky.1986) (holding that debtor's houseboat and two dock slips qualified for Kentucky homestead exemption); *In re Scudder,* 97 B.R. 617, 619 (Bankr.S.D.Ala.1989) (houseboat qualified as residence under Alabama exemption statute). *Cf. In re Laube,* 152 B.R. 260, 263 (Bankr. W.D.Wis.1993) (holding that a semitruck cab with bed, refrigerator, television, radio, heater and air-conditioning, but without bathroom or cooking facilities, used for over a year by debtor as a residence, qualified for Wisconsin homestead exemption).

Hannon's overriding contention is that the debtor's continued use of the boat *while in drydock* is in violation of the state-court order and clearly unlawful under state and local laws. It asserts that "exemptions should not be allowed in furtherance of illegal actions." Hannon Supplemental Memorandum at 2. These arguments, even if Hannon's construction of the state-court order is correct, do not warrant denial of the exemption claimed by the debtor. While a bankruptcy court, concededly, does not construe exemption laws so as to encourage unlawful activity, *see, e.g., In re Felsinger,* 17 B.R. 226, 228 (Bankr.M.D.Fla.1982), allowing the debtor an exemption based upon his past use of the boat will have no such effect.

The debtor has used the boat as his residence continuously since 1991. When, during the year preceding his filing, the debtor by legal process and involuntarily was required to place the boat in drydock, his homestead rights were not extinguished.

*See, In re Brent,* 68 B.R. 893, 896 (Bankr. D.Vt.1987) (citing 40 C.J.S. § 166(b), 40 Am. Jur.2nd § 182) ("Absence from the homestead that is involuntary or compulsory does not constitute a relinquishment of homestead rights; in order to constitute an abandonment of a homestead, the absence must be voluntary and not under compulsion."). *Accord In re Eckols,* 63 B.R. 523, 527 (Bankr. D.N.H.1986) (permitting homestead exemption where debtor was involuntarily deprived of occupancy during divorce proceeding); *In re Smith,* 57 B.R. 81, 82–83 (Bankr.W.D.N.Y. 1985) (same). If there were no state-court order (entered apparently due to the court's concern that the debtor might remove the boat from this jurisdiction), the debtor would lawfully, based upon the record made, have been entitled to continue to live on the boat while afloat from April through November of this year, and succeeding years.

Fed.R.Bankr.P. 4003(c) provides that the "objecting party has the burden of proving that the exemptions are not properly claimed."[2] The court concludes Hannon has not met its burden.

## IV.

### CONCLUSION

The debtor's motion to avoid Hannon's judicial lien as impairing an exemption to which the debtor is entitled is granted. Hannon's objection to the debtor's claim of exemption is denied. An appropriate order will enter. It is

SO ORDERED.

*ORDER AVOIDING LIEN AND OVERRULING OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS*

On October 19, 1994, there came on for trial before the Court (1) the motion of Robert A. Herd, the debtor, against The Hannon Group, Inc. to avoid a judgment lien which impaired an exemption of the debtor, and (2) the objection of The Hannon Group, Inc. to the debtor's claim of exemptions. The Court

---

**2.** Rule 4003(b) requires that objections to exemptions be made within 30 days of the conclusion of the meeting of creditors. No issue has been raised as to whether Hannon's objection was timely filed.

has filed its Memorandum of Decision, and, in accordance therewith, it is

ORDERED that the judgment lien held by The Hannon Group, Inc. against the debtor's interest in a 1976 Egg Harbor 33′ boat is avoided to the extent of $7,900 for the benefit of the debtor.

The objection to the debtor's claim of exemptions is overruled.