Adeline SANFORD and Hermoine Hammargren, Plaintiffs and Appellees,

v.

Kenneth C. SANDEN, Dora Hanson, and Petra O. Hanson, Defendants and Appellants.

Civ. No. 10305.

Supreme Court of North Dakota.

April 14, 1983.

Wickham Corwin, of Conmy, Feste, Bossart, Hubbard & Corwin, Fargo, for plaintiffs and appellees.

William Kirschner, Fargo, and DeLayne Nassif (argued), Fargo, for defendants and appellants.

VANDE WALLE, Justice.

This case involves an appeal from a judgment of the district court of Cass County in

favor of the appellees, Adeline Sanford and Hermoine Hammargren, against the appellants, Kenneth C. Sanden, Dora Hanson, and Petra O. Hanson. Sanford and Hammargren filed a motion to dismiss the appeal because the appellants failed to order a transcript of the proceedings in accordance with Rule 10(b), N.D.R.App.P. Sanden and the Hansons filed a motion for a court order requiring the receiver appointed by the district court to release sufficient funds to pay for a transcript of the malicious-prosecution proceedings. The motion to dismiss is denied and the case is remanded to the district court with direction to enter an order requiring the receiver to release sufficient funds to pay the cost of the transcript.

Sanford and Hammargren commenced an action against Sanden and Dora Hanson seeking damages for malicious prosecution. At issue was the propriety of will-contest proceedings in which Sanden filed for probate a will executed by Marius Honerud which effectively disinherited his two daughters (Sanford and Hammargren) and left the bulk of his estate to Sanden. The will-contest proceedings resulted in a determination that Honerud lacked testimentary capacity when he executed the contested will and that the contested will had been obtained by Sanden through fraud and undue influence.[1]

A short time after the commencement of the malicious-prosecution action, Sanford and Hammargren filed a motion for the appointment of a receiver to take charge of and preserve certain property belonging to Sanden and Dora Hanson pending the final outcome of the proceedings.[2] The district court granted this motion and appointed Fargo National Bank and Trust Company as the receiver.

Following a trial on the merits, the jury returned a special verdict finding that the will-contest proceedings had been maliciously prosecuted and awarding compensatory and punitive damages to Sanford and Hammargren. A special verdict was also returned finding that Dora Hanson had fraudulently conveyed certain real property to Petra Hanson. Judgment was entered in accordance with the verdict and subsequent post-trial motions by Sanden and the Hansons for a directed verdict, new trial, and judgment notwithstanding the verdict were denied. Sanden and the Hansons then filed this appeal which is the subject of Sanford and Hammargren's motion to dismiss. Subsequently, the appellants filed a motion with this court for an order requiring the receiver to release sufficient funds to pay the cost of securing a transcript.

Sanford and Hammargren's motion to dismiss is based on the appellants' failure to order a transcript pursuant to Rule 10(b), N.D.R.App.P.[3] The appellants contend they

---

1. In *Matter of Estate of Honerud,* 294 N.W.2d 619 (N.D.1980), we affirmed the lower court's determination that Honerud lacked testimentary capacity and that the contested will was therefore invalid. Sanden then sought attorney fees from the Honerud estate for his efforts in attempting to probate the will. We affirmed the lower court's denial of costs and fees in *Matter of Estate of Honerud,* 326 N.W.2d 95 (N.D.1982).

2. In their motion for the appointment of a receiver, Sanford and Hammargren alleged that two days after being served with the summons and complaint in the malicious-prosecution action Sanden and Dora Hanson conveyed certain property to Petra Hanson without fair consideration and with the intent to defraud their creditors, and that Sanden and Hanson had been rendered insolvent as a result of the conveyance. Sanford and Hammargren further alleged that unless Sanden and Hanson were prevented from further conveying or dissipat-

ing their property, Sanford and Hammargren's ability to recover any judgments from Sanden and Hanson would be substantially impaired. At trial, the jury returned a special verdict finding that the conveyance of property to Petra Hanson was fraudulent.

3. Rule 10(b), N.D.R.App.P., provides, in part:
    "(b) *The Transcript; Duty of Appellant to Order; Time for Ordering.* If an appeal is taken in a case in which any evidentiary hearing was held, it is the duty of the appellant to order a transcript of the proceedings.... The order must be served on the reporter and must be for a complete transcript of the proceedings, unless a stipulation is obtained from all affected parties specifying portions which are not required for the purposes of the appeal.... Proof of service of the order for transcript ... must be filed with the clerk of the trial court with the notice of appeal...."

have no money with which to pay for a transcript. They claim that all their assets are being held in the receivership created by order of the district court in response to Sanford and Hammargren's motion. The judgment in the malicious-prosecution action decreed that the receivership is to "continue in full force and effect for so long as may be necessary to fully carry out all the provisions of this judgment, unless otherwise sooner terminated by further order of this court."

■ The appellants raise numerous issues on appeal, the majority of which concern the sufficiency of the evidence to sustain various findings by the jury in the special verdict. Our review of questions of fact is limited to consideration of whether or not there is substantial evidence to sustain the jury verdict. *Farmers Co-op. Elevator of Cavalier v. Lemier*, 328 N.W.2d 833 (N.D.1982); *Powers v. Martinson*, 313 N.W.2d 720 (N.D.1981). There is no doubt that a transcript of the trial proceedings is necessary to accomplish our review in the instant case. Because they filed the motion to dismiss the appeal, Sanford and Hammargren obviously agree that a transcript is necessary. Without a transcript, it is impossible for us to determine whether or not substantial evidence exists to sustain the jury verdict. The appellants should have ordered a transcript of the proceedings for their appeal in accordance with Rule 10(b), N.D.R.App.P.

■ Although we conclude that Sanden and the Hansons should have secured the transcript of the malicious-prosecution proceedings for their appeal in accordance with Rule 10(b), N.D.R.App.P., their failure to do so does not necessarily require us to grant Sanford and Hammargren's motion to dismiss the appeal. Failure of an appellant to take any steps other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal. Rule 3(a), N.D.R.App.P. We have previously indicated that we believe it is important to reach the merits of a case wherever possible. See, e.g., *Spletto v. Bd. of Cty. Com'rs, Stark Cty.*, 310 N.W.2d 726 (N.D.1981). The following factors should be considered in determining whether or not this court, in its discretion, should dismiss an appeal:

"(1) Has the party making the motion to dismiss been prejudiced by appellant's failure to comply with the rules?

"(2) Has the appellant demonstrated justifiable cause for its failure to comply with the rules?

"(3) Has the appellant cured the defect prior to oral argument and has the record and all the briefs been filed with the court so that the merits can be evaluated?

"(4) Is the underlying appeal meritorious?" *Matter of Estate of Kjorvestad*, 304 N.W.2d 83, 85 (N.D.1981).

■ In the instant case, we believe the appellants have demonstrated justifiable cause for their failure to comply with the rules of appellate procedure. They have filed affidavits stating that they are without funds to pay the cost of a transcript. Pursuant to court order, their assets are being held by a receiver and their efforts to have some of these funds released to the court reporter to pay for a transcript of the malicious-prosecution proceedings have been unsuccessful.[4] By not allowing the appellants limited access to the assets held in receivership for the purpose of paying the cost of a transcript, the district court has effectively denied Sanden and the Hansons their opportunity to perfect this appeal.

Sanford and Hammargren argue that they are entitled to collect on the judgment in the malicious-prosecution action and that the amount of money available to pay that judgment will be reduced if funds are released from the receivership to pay for a transcript. Although Sanford and Ham-

---

4. Dora Hanson filed a motion with the district court requesting, inter alia, that funds be released from the receivership to pay the costs of her appeal. This motion was denied by the court.

margren apparently would be entitled to these funds if they prevail on this appeal, it is impossible for us to discuss the merits of the underlying appeal without a transcript of the proceedings. Because without a transcript we are unable to determine whether or not the underlying appeal is meritorious and because the appellants have demonstrated justifiable cause for their failure to comply with the rules, Sanford and Hammargren's motion to dismiss is denied and the appellants' motion for a court order requiring the receiver to release sufficient funds to pay for a transcript of the proceedings is granted.

We remand this case to the district court for the limited purpose of entering an order requiring the receiver, Fargo National Bank and Trust Company, to release sufficient funds to the Cass County district court reporter to pay for the transcript of the malicious-prosecution proceedings. A complete transcript shall be ordered unless the parties stipulate, pursuant to Rule 10(b), N.D.R.App.P., to exclude those portions which are not required for the purposes of appeal. The transcript shall be filed with this court, in accordance with the provisions of Rule 10, N.D.R.App.P., with the time for filing starting from the date the funds are released. The parties will be allowed the time permitted by Rule 31, N.D. R.App.P., to file new briefs on the merits.

The motion to dismiss is denied and the case is remanded for the limited purpose expressed herein.

ERICKSTAD, C.J., and PEDERSON, PAULSON and SAND, JJ., concur.