Kenneth W. DAVIS, Plaintiff and Appellee,

v.

Tsehay Gizaw DAVIS, Defendant and Appellant.

Civ. No. 890055.

Supreme Court of North Dakota.

Nov. 28, 1989.

Patrick W. Fisher, of McConn, Fisher, Olson & Daley, Ltd., Grand Forks, for plaintiff and appellee.

Tsehay Gizaw Davis, Grand Forks, pro se.

VANDE WALLE, Justice.

Tsehay Gizaw Davis appealed from a judgment and decree of divorce entered in the district court for Grand Forks County. On appeal, Tsehay contends that a number of the findings of fact made by the trial court were clearly erroneous resulting in an inequitable distribution of property

---

among the parties and inadequate spousal support. We affirm.

On September 8, 1987, an action for divorce was commenced in the district court for Grand Forks County by Kenneth Davis. Kenneth, a Staff Sergeant in the United States Air Force, sought a divorce from Tsehay Gizaw Davis, his wife of eight years, on the basis of irreconcilable differences. Tsehay represented herself both on appeal and during most of this action at the district court level.[1]

A trial in this divorce case was commenced on September 28, 1988. The trial lasted for eight days. In a written memorandum decision at the end of the trial, the district court entered a number of findings of fact regarding the division of Kenneth and Tsehay's property, the issuance of spousal support, the entitlement of Tsehay to a share of Kenneth's military pension, an alleged "taking" of some of Tsehay's documents by Kenneth, and an "adoption" which allegedly occurred during the marriage. After a judgment and decree of divorce was entered, Tsehay filed a timely notice of appeal to this Court. Tsehay contends that the findings of fact entered by the district court in the five aforementioned areas were clearly erroneous. Tsehay, however, failed to file a transcript of district court proceedings for this appeal.[2]

The rules of procedure are not to be applied differently merely because a party is acting pro se. *See Federal Land Bank of St. Paul v. Brakke,* 447 N.W.2d 329 (N.D.1989); *Production Credit Ass'n v. Obrigewitch,* 443 N.W.2d 304 (N.D.1989); *Flex Credit, Inc. v. Winkowitsch,* 428 N.W.2d 236 (N.D.1988). Rule 10(b), NDRAppP, requires the appellant to fur-

nish a transcript of the proceedings on appeal. *See Lithun v. DuPaul,* 447 N.W.2d 297 (N.D.1989); *Sykeston Tp. v. Wells County,* 356 N.W.2d 136 (N.D.1984). When an appellant does not file a complete transcript on appeal, he or she assumes the risk of failing in the appeal as a consequence. *See Lithun v. DuPaul, supra; Owan v. Kindel,* 347 N.W.2d 577 (N.D. 1984). This Court has often stated that, on appeal, the party challenging the findings of fact of a trial court has the burden of demonstrating that those findings are clearly erroneous. *See* Rule 52, NDRCivP. *See also Routledge v. Routledge,* 377 N.W.2d 542 (N.D.1985); *Mees v. Mees,* 325 N.W.2d 207 (N.D.1982); *Svetenko v. Svetenko,* 306 N.W.2d 607 (N.D.1981). However, when the record on appeal does not allow for a meaningful and intelligent review of the alleged error, we will decline to review the issues altogether. *Lithun v. DuPaul, supra; Cullen v. Williams County,* 446 N.W.2d 250 (N.D.1989); *Bye v. Elvick,* 336 N.W.2d 106 (N.D.1983). Moreover, we have noted that when an appellant raises issues on appeal regarding the findings of fact, it is difficult, if not impossible, for us to discuss the merits of the appeal without a transcript. *See, e.g., Sanford v. Sanden,* 333 N.W.2d 429 (N.D. 1983).

The record in this case contains the financial statements of the parties, property lists, interrogatory answers, letters, and numerous other documents from which the trial court could have entered its various findings of fact. These documents may or may not have been properly admitted into evidence. However, without a complete transcript of the proceedings we are unable

---

1. Originally, Tsehay obtained representation from three separate Grand Forks attorneys. Each of the three attorneys, however, withdrew as Tsehay's counsel. From March 15, 1988 through the date of this appeal, Tsehay acted pro se.

2. Tsehay made a motion to the district court seeking to be relieved of her obligation to pay for a transcript on appeal. Her motion was denied. Tsehay subsequently moved the district court for an order permitting her to exclude portions of the transcript which were not necessary for her appeal. This motion was also de-

nied by the district court. On appeal, Tsehay did include in the appendix to her brief a number of excerpts from the district court transcript which concerned the five areas of the findings that she is now contesting on appeal. However, these excerpts are, for the most part, only one or two pages long and do not offer a complete view of proceedings that took place during the eight-day trial in the district court. On this appeal Tsehay has not challenged the propriety of the district court's denial of her motions pertaining to the transcripts.

to make this determination. Thus, we conclude that a complete and meaningful review of the district court's actions in this case cannot be accomplished without a transcript of the evidentiary proceedings. By failing to submit a complete transcript of the district court proceedings, Tsehay has not met her burden of demonstrating that the trial court's findings of fact are clearly erroneous.

The judgment and decree of divorce of the district court is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.