Darcie M. SCHMIDKUNZ, Plaintiff
and Appellant,

v.

Leslie H. SCHMIDKUNZ, Defendant
and Appellee.

Civ. No. 940279.

Supreme Court of North Dakota.

March 16, 1995.

Edward H. Johnson (argued), Worthington Law Firm, Bismarck, for plaintiff and appellant.

Thomas M. Tuntland (argued), Mandan, for defendant and appellee.

NEUMANN, Justice.

Darcie Schmidkunz appealed from a divorce judgment dividing marital property and awarding her former husband, Leslie Schmidkunz, custody of their minor child, Bryan. We conclude that neither the custody award nor the property division is clearly erroneous, and we affirm the judgment.

Darcie and Leslie were married in December 1988. Bryan was born in June 1991 and was three years old at the time of the divorce hearing. The parties developed marital difficulties and separated in April 1993. Darcie then filed for divorce, alleging irreconcilable differences.

The trial court granted the parties a divorce and awarded custody of Bryan to Leslie, with liberal visitation rights for Darcie resulting in each party having physical custody of Bryan about half of the time. The court also divided the marital property. Darcie appealed.

Darcie asserts the trial court failed to comply with Rule 52(a), N.D.R.Civ.P., because it adopted Leslie's post-trial brief and signed findings of fact drafted by Leslie's counsel. Rule 52(a), N.D.R.Civ.P., requires the court to "find the facts specially and state separately its conclusions of law thereon." The rule also provides that findings of fact and conclusions of law may be "stated orally and recorded in open court" or "appear in an opinion or memorandum of decision filed by the court." However, a memorandum opinion is not required, and if there is a discrepancy between the court's written findings of fact and its memorandum opinion, the findings of fact prevail. *Schmidt v. Plains Electric, Inc.*, 281 N.W.2d 794, 801 (N.D.1979). When the court affixes its signature to the findings, even though drafted by counsel, they become the findings of the court, and if they adequately explain the basis of the court's decision it will be upheld. *See Kottke v. U.A.M.*, 446 N.W.2d 23, 26 (N.D.1989); *Ned Nastrom Motors, Inc. v. Nastrom–Peterson–Neubauer*, 338 N.W.2d 64, 71 n. 8 (N.D.1983).

Following an evidentiary hearing, the trial court issued a short memorandum opinion, stating:

"This is that rare and unusual case where the Court agrees entirely with the

issues outlined and the suggested resolution in defense counsel's post-trial brief. It is adopted as the opinion of the Court. Defendant's counsel will prepare and submit the necessary Findings of Fact, Conclusions of Law, Order for Judgment and Judgment."

Because such an approach may fail to foster the appearance of fairness and impartiality in our courts, and may thereby reduce confidence in our judicial system, we cannot approve it as a practice. It is preferable that the court, if it chooses to issue a written memorandum opinion, state in its own words the rationale and basis for its decision. However, the trial court did note this was the "rare and unusual" case where counsel's brief effectively spoke for the court in its reasoning and analysis of the issues. The court implicitly concluded it could not add anything meaningful to the analysis in counsel's brief, so it directed counsel to prepare findings based upon the brief. Indicative that the court was doing its own thinking, however, is its further statement in the memorandum opinion that Leslie had no right to retain insurance proceeds for damages sustained after the hearing to a car in Darcie's possession.

The trial court subsequently filed extensive findings of fact explaining its decision. It is of no import that the initial draft of those findings was presumably prepared by Leslie's counsel. When the court affixed its signature to those findings they became the findings of the court. We hold the trial court complied with the requirements of Rule 52(a), N.D.R.Civ.P., and did not commit reversible error in the process of deciding the case or setting forth its findings and conclusions.

■ Darcie asserts the trial court's custody award is clearly erroneous. Under Section 14-09-06.1, N.D.C.C., a trial court must award custody to promote the best interests and welfare of the child. Child custody determinations are findings of fact which will not be disturbed on appeal unless clearly erroneous under Rule 52(a), N.D.R.Civ.P. *Weber v. Weber,* 512 N.W.2d 723 (N.D.1994). Our scope of review is properly limited by the clearly erroneous rule because the trial court, having had the opportunity to observe the demeanor and credibility of the witnesses, is in a much better position to ascertain the true facts than an appellate court, which must rely upon a cold record. *Catlin v. Catlin,* 494 N.W.2d 581 (N.D.1992).

■ The trial court found it would be in Bryan's best interests to award custody to Leslie with liberal visitation for Darcie. The trial court made several specific findings relevant to its custody decision, all of which are supported by evidence presented at the hearing. The court found both parents have strong ties of love and affection for Bryan, but that Leslie has a "greater capacity and disposition to give Bryan love, affection, and guidance." The court found Darcie is noticeably angry and hostile and that her anger and hostility "reduces her capacity to demonstrate love and affection to Bryan." Darcie conceded she sometimes locked Bryan in his bedroom at night, and the court found this conduct has had some detrimental effect on Bryan.

■ The trial court also found Darcie has a hostile attitude toward visitations between Bryan and Leslie but, in contrast, Leslie has expressed a willingness to foster and encourage regular visitations between Darcie and Bryan. The court apparently gave this factor significant weight in deciding to place Bryan in Leslie's custody. It was appropriate for the court to do so, because visitation between a child and noncustodial parent is presumed to be in the best interests of the child and hostility of a custodial parent toward such visitations could be detrimental to the child's best interests. *See Blotske v. Leidholm,* 487 N.W.2d 607 (N.D.1992).

■ The trial court's choice for custody between two fit parents is a difficult one, and we will not retry the case or substitute our judgment for that of the trial court where, as here, its determination is supported by the evidence in the record. *See Weber v. Weber,* 512 N.W.2d 723, 727 (N.D.1994). We hold the trial court's custody award in this case is not clearly erroneous.

■ Darcie also asserts on appeal that the trial court's division of property is clearly

erroneous. Under Section 14–05–24, N.D.C.C., the trial court must make "such equitable distribution of the real and personal property of the parties as may seem just and proper." However, the trial court's division of property does not have to be equal in order to be equitable. *Steckler v. Steckler,* 519 N.W.2d 23 (N.D.1994). The trial court's determinations on matters of property division are findings of fact which will not be set aside on appeal unless they are clearly erroneous under Rule 52(a), N.D.R.Civ.P. *Steckler v. Steckler,* 519 N.W.2d 23 (N.D.1994).

▪ There was not a substantial amount of marital property to be divided in this case. According to our calculations, Darcie was awarded net assets of $15,022.50 and Leslie was awarded net assets of $19,491.50. Darcie's counsel did not even attempt to calculate the total net distribution awarded by the court to each of the parties and did not suggest to this court a division which, in counsel's view, would have been more equitable than the court's division.

Although the trial court did not make an exactly equal division of the property, the court adequately explained why it awarded Leslie about $4,500 more property than Darcie. This marriage was of relatively short duration, and the court found Leslie brought considerably more property into the marriage than Darcie. At the time of the hearing Darcie was earning more than Leslie. Furthermore, Leslie is 43 years old while Darcie is only 27 years old, so Darcie has both greater income and presumably more years to accumulate an estate. Therefore, the court could have concluded Leslie has a greater need to be awarded additional property now.

▪ Darcie's counsel, in his post-trial brief, stated that the parties' mobile home "appears to be the only item where a substantial dispute exists." He complained that the trial court accepted the value presented by Leslie's expert, rather than the value urged by Darcie or some compromise value. However, counsel conceded that Darcie's expert, who valued the mobile home at $4,800, had a potential conflict of interest because he might purchase the mobile home after the divorce. Leslie's expert used comparable sales and arrived at a value of $11,000 which the trial court expressly found to be credible and correct. We find no error in the court's valuation of the mobile home.

▪ The party challenging a finding of fact on appeal bears the burden of demonstrating it is clearly erroneous. *Routledge v. Routledge,* 377 N.W.2d 542 (N.D.1985). We conclude Darcie has not met her burden of demonstrating in what manner the trial court's property division is inequitable. We hold the property division is supported by the record and is not clearly erroneous.

In accordance with this opinion the judgment of the district court is affirmed.

VANDE WALLE, C.J., and SANDSTROM and MESCHKE, JJ., concur.

LEVINE, Justice, concurring in the result.

I certainly agree with the majority that a trial court's choice of custody between two fit parents is a "difficult" one. Ordinarily, that difficult choice is obviated by giving appropriate weight to the primary caretaking function which inheres in many of the statutory best-interest factors. *Von Bank v. Von Bank,* 443 N.W.2d 618 (N.D.1989). On appeal, Darcie argued that she was the primary caretaker and the trial court erred in ignoring that special status. Leslie argued that the evidence established that the parties shared the child caretaking responsibilities and there was no error. The transcript bears out Leslie's argument.

This is an interesting case. It took two and one-half hours or so to try. Most of the time was spent on the value and custody of the mobile home. There was expert testimony on that issue, but not on the issue of child custody. The transcript numbers 108 pages from start to finish. Direct examination of Darcie took six pages. The only evidence on why Darcie should receive child custody was:

"Q. Who's been the primary care giver for your child?

"A. I have.

"Q. Does your husband care for the child?

"A. On his visitation days.

"Q. Does your husband visit with the child regularly?

"A. When he can. He says he works a lot, so he doesn't pick him up on the requested days that he's supposed to pick him up. He picks him up when he can."

Darcie failed to establish both that she was the primary caregiver and what in fact that meant. This, therefore, is not a case about the trial court's failure to recognize a party's primary caretaking role.

The trial court was given no insight on what Darcie's care of her child entailed or what arrangements were necessary for securing in advance and paying babysitters. A trial, after all, should paint a picture that assists the factfinder. On the other hand, Leslie painted a picture that showed a loving, patient, reasonable father, equally and actively sharing in the care of his child, who, because of job duties, would often have to cancel visitation at the last minute. If Darcie failed to paint any picture of her care and role for the trial court, Leslie certainly took up the slack. His cross-examination established, in vivid primary colors, everything Darcie did badly. Her foul language, her impatience over last-minute changes in visitation, her latching the door to the child's bedroom, were deftly depicted. Presented with little contest, the factfinder did the obvious. It awarded custody to the parent who clearly established that his receipt of custody would be in the best interest of the child.

Having tried the case primarily on the property division issue in the trial court, Darcie's effort, on appeal, to retry the custody issue was rightly rejected.

I concur in the result.