Duane E. BUZICK, Plaintiff
and Appellee,

v.

Marilyn J. BUZICK, Defendant
and Appellant.

Civ. Nos. 940336, 950032.

Supreme Court of North Dakota.

June 21, 1995.

Pamela J. Hermes (argued), Vogel, Brant-ner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for plaintiff and appellee.

Craig M. Richie (argued), Richie & Associates, Fargo, for defendant and appellant. Appearance by appellant Marilyn J. Buzick.

NEUMANN, Justice.

Marilyn Buzick appealed from a divorce judgment distributing marital assets. She also filed a separate appeal from the trial court's order denying her motion seeking payment of costs for a transcript on appeal. We reverse the order denying transcript costs and remand for entry of an appropriate order.

Marilyn and Duane Buzick were married in 1989. Duane brought this divorce action in 1993. The case was tried in April and June, 1994, and the divorce judgment was entered on September 12, 1994. Marilyn received various items of personal property and a cash property settlement of $13,432. Duane was ordered to pay to Marilyn $10,000 within 30 days of entry of judgment, and the remaining $3,432 by February 5, 1995.

Marilyn filed a timely appeal from the judgment. Asserting she was unable to afford the estimated $1,755 cost of a transcript, she filed a motion in the trial court asking that Duane be required to pay the cost of the

transcript.[1] The trial court denied the motion by an order dated January 10, 1995, and Marilyn filed a separate appeal from that order.

Duane complied with the judgment provisions, tendering a cashier's check for $10,000 to Marilyn on October 7, 1994. After the appeal was filed, Duane's attorney requested that the check be returned. Concerned that cashing the check might be considered acceptance of benefits under the judgment which would jeopardize the appeal, Marilyn's attorney returned the check uncashed.

■ Marilyn asserts the trial court's refusal to order Duane to pay for the transcript has effectively precluded a meaningful appeal from the judgment. Marilyn's appeal from the judgment is premised almost entirely upon challenges to the trial court's findings of fact. The burden placed upon an appellant challenging findings of fact without a transcript is virtually insurmountable:

> "This Court has held that on appeal the party challenging the findings of fact of a trial court has the burden of demonstrating that those findings are clearly erroneous.... When an appellant raises issues on appeal regarding the findings of fact, it is difficult, if not impossible, for us to discuss the merits of the appeal without a transcript.... If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue."

*Rosendahl v. Rosendahl,* 470 N.W.2d 230, 231 (N.D.1991) (citations omitted); *see also Davis v. Davis,* 448 N.W.2d 619, 620 (N.D.1989).

■ Ordinarily, a motion for attorney's fees and costs, including transcript costs, to prosecute an appeal are within the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *See Simons v. Gisvold,* 519 N.W.2d 585, 588 (N.D.1994); *Porter v. Porter,* 274 N.W.2d 235, 243–244 (N.D.1979); *Doll v. Doll,* 162 N.W.2d 691, 697 (N.D.1968). However, this case presents a unique factual situation which we have not previously addressed. Al-

though Marilyn alleges she had no available funds to pay for the transcript, the divorce judgment included a substantial cash property award to her. Because her attorney was concerned whether acceptance of these funds would jeopardize her appeal, she did not cash the tendered $10,000 check and use those funds to pay for the transcript. Under these unique circumstances, we conclude it is appropriate for a trial court, faced with a motion for costs for a transcript, to order payment of an advance on the judgment to allow the appellant to provide a transcript. In so holding, we are mindful of the fact the trial court can effectively preclude meaningful appellate review by preventing purchase of the transcript, and in essence holds the key to the appellate court's door for the appellant. If there is a cash award in the divorce judgment sufficient to cover the costs of a transcript, the trial court should consider ordering an advance to afford the appellant the opportunity for a meaningful appeal.

■ The result we reach does not conflict with the general rule that one who accepts substantial benefits under a divorce judgment waives the right to appeal from that judgment. We have in recent years sharply limited application of the rule in an effort to promote the strong public policy in favor of deciding appeals upon the merits. *Spooner v. Spooner,* 471 N.W.2d 487, 489 (N.D.1991). Only if the appellant accepts "substantial benefits" under the decree, under circumstances clearly indicating an intent to be bound by the decree, will the acceptance of benefits constitute a waiver of the right to appeal. *See Spooner, supra,* 471 N.W.2d at 489–490; *Sanford v. Sanford,* 295 N.W.2d 139, 142 (N.D.1980). Furthermore, the absence of a timely cross-appeal in this case indicates Duane does not dispute Marilyn's right to the benefits, and takes the case out of the general rule. *See Spooner, supra,* 471 N.W.2d at 489.

We conclude the trial court should have ordered Duane to pay the estimated $1,755 cost of the transcript as an advance against Marilyn's cash property award under the judgment. We remand in Civil Number

---

1. This Court granted Marilyn's motion to return the record to the trial court, conferring jurisdiction for the trial court to consider Marilyn's motion.

950032 for entry of an order directing that Duane pay $1,755 to Marilyn within ten days. Marilyn will then have ten days to file an order for transcript and must file with this Court proof of advance payment for the transcript.

We will hold in abeyance the appeal from the divorce judgment in Civil Number 940336. Upon receipt of proof of payment for the transcript, the Clerk of the Supreme Court is ordered to set an appropriate supplementary briefing schedule to commence upon filing of the transcript.

SANDSTROM and MESCHKE, JJ., concur.

LEE A. CHRISTOFFERSON, District Judge, sitting in place of LEVINE, J., disqualified.

VANDE WALLE, Chief Justice, dissenting.

The remedy crafted by the majority was not sought by Marilyn Buzick. Rather, her attorney requested a transcript to be paid for by Duane Buzick. That request was denied. I have a further concern however. We are not to retry the facts on appeal. *See* Rule 52(a), NDRCivP. I do not view the majority's remedy as a statement on the merits of Marilyn Buzick's appeal. But that remedy will only serve to reduce the amount available to Marilyn Buzick under the judgment should she avail herself of the option to secure the transcript and should we affirm on the merits after receipt of the transcript. I am unwilling to encourage such a result.

I respectfully dissent.

LEE A. CHRISTOFFERSON, District Judge.

I would affirm the trial court so must dissent.

First, the defendant never asked the trial court for an advance which is now granted by this court. How can a trial court judge be expected to order such an intrusive measure as an advance on a money judgment to pay for a transcript when it was never suggested by a party. Appellant's counsel conceded he never asked for it and still wasn't sure during oral argument if he wanted this relief. Counsel maintained that the plaintiff should pay for the transcript on appeal. The majority decision supplants lawyering tactics with what is deemed "the right thing to do."

Second, it isn't just a coincidence that there is a complete absence of authority on this subject from other jurisdictions. The uncharted course this court heads toward may have been foreseen by other courts as both suspect and inequitable in cases without funds to award a money judgment.

Finally, the majority decision suggests that a trial court can effectively prevent meaningful appellate review by preventing purchase of the transcript. I take issue with this unjustifiable suggestion since the trial court never prevented the purchase of a transcript. I fail to see any difference in this situation from cases such as *Rosendahl v. Rosendahl,* 470 N.W.2d 230 (N.D.1991), where this court declined to review factual issues without a transcript. Who prevented meaningful appellate review in those cases where no transcript was provided? Surely not the trial court!