Marion Rae THEIS, Plaintiff and Appellant,

v.

John N. THEIS, Defendant and Appellee.

Civ. No. 950058.

Supreme Court of North Dakota.

June 27, 1995.

---

Elizabeth Jane Sundby (argued), Fargo, for plaintiff and appellant.

Jonathan T. Garaas (argued), Garaas Law Firm, Fargo, for defendant and appellee.

NEUMANN, Justice.

Marion Rae Theis appeals from the property distribution in her divorce from John Theis. Affirmed.

John and Marion were married in 1964, separated in July of 1993, and divorced in October of 1993. They had three children, all of whom are emancipated. Marion is 48 and John is 56. Prior to the divorce John was diagnosed with lymphoma cancer, underwent a bone marrow transplant, and as a result cannot return to work. John's prospects for ever returning to work appear slim. Marion is currently employed, earning a gross monthly income of $1,600.

The trial court found Marion "has engaged in reprehensible conduct involving 'economic fault' whereby she has absconded with marital assets approximating $70,000.00 including approximately $60,000.00 in monies taken by [her]." "In addition, [Marion] wrongfully endorsed a check for $9,360.00 payable to John ... and retained all proceeds." "In addition, [Marion] misappropriated monies paid by ITT Hartford arising out of medical treatment earlier provided John ... and wrongfully retained said monies instead of applying them to medical bills of John...." The trial court also found Marion had expended marital assets to purchase gifts for her boyfriend while John was undergoing cancer treatment. The gifts included a car, clothing, and jewelry. Finally, Marion at one point cancelled John's health insurance provided by her employer in an "effort to create financial havoc" for John since his medical condition would make it impossible for him to get new insurance.

At the time of their divorce, the parties had assets approximating $56,500 and debts approximating $14,500 for a total net value of $42,000. Marion was awarded property worth approximately $9,500 and all of the parties' debts for a net award of approximately a negative $5,000, leaving John with a property distribution of approximately $47,000. In addition, John was awarded spousal support of $1.00 per year and Marion was ordered to carry John on her insurance provided through her employer until he qualifies for medicare. Marion challenges the trial court's awards.

In a divorce, the trial court must "make such equitable distribution of the real and personal property of the parties as may seem just and proper." NDCC § 14–05–24 (1991). In dividing property, the trial court must consider all relevant factors and adhere to the *Ruff–Fischer* guidelines. *See Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer,* 139 N.W.2d 845 (N.D. 1966). While doing so, the trial court must consider all property comprising the marital estate regardless of its origin. *Freed v. Freed,* 454 N.W.2d 516, 520 (N.D.1990). It is firmly within the trial court's discretion to determine an equitable distribution of the

property. *Zander v. Zander,* 470 N.W.2d 603, 605 (N.D.1991). A property division need not be equal to be equitable, but a substantial disparity should be explained. *Spooner v. Spooner,* 471 N.W.2d 487, 491 (N.D.1991).

The trial court determinations on matters of property division are treated as findings of fact and will not be set aside on appeal unless clearly erroneous under NDRCivP 52(a), or unless they are induced by an erroneous view of the law. *Heley v. Heley,* 506 N.W.2d 715, 718 (N.D.1993).

We agree with Marion that at first blush there exists a substantial disparity between the parties' shares of the property distribution. We, however, disagree with her contention that this disparity was not properly explained by the trial court.

The trial court cites Marion's misappropriation and wrongful dissipation of marital assets in excess of $60,000, possibly as high as $80,000. In *Bader v. Bader,* 448 N.W.2d 187, 189 (N.D.1989), we concluded fault may be a relevant factor. There is little question it is proper to consider and give significant weight to economic fault. *Cf. id.* (recognizing the weight to be assigned non-economic fault is unclear, but there is uniform agreement that economic fault is very relevant). The trial court found, and evidence supports the finding, that Marion wrongfully dissipated marital assets in excess of $60,000.

The trial court also cites John's prognosis for unemployment due to his lymphatic cancer and Marion's employment and her continued earning capacity as a reason for the division. We have held the trial court is to consider the health and physical condition of the parties when making distributions. *See van Oosting v. van Oosting,* 521 N.W.2d 93, 100–01 (N.D.1994) (holding the health and physical conditions of the parties are significant factors to consider in awarding support); *Wahlberg v. Wahlberg,* 479 N.W.2d 143, 145 (N.D.1992) (directing trial courts consider the disparate earning capacities of the spouses and make support determinations in conjunction with property distributions). The court made findings regarding the earning capacities and the health of the parties;

those findings are supported by the record, and are not clearly erroneous.

For exactly these same reasons, we also conclude the trial court's award of $1.00 per year spousal support is not clearly erroneous. *Id.* It is merely a device by which the trial court has retained jurisdiction to make future awards of spousal support when faced with present uncertainty.

After reviewing Marion's allegations of error and the trial court's findings, we cannot say a mistake has been made.

Affirmed.

VANDE WALLE, C.J., and LEVINE, SANDSTROM, and MESCHKE, JJ., concur.