**Duane E. BUZICK, Plaintiff and Appellee,**

v.

**Marilyn J. BUZICK, Defendant and Appellant.**

**Civil No. 940336.**

Supreme Court of North Dakota.

Feb. 2, 1996.

757

Pamela J. Hermes (argued), of Vogel, Kelly, Knutson, Weir, Bye & Hunke, Ltd., Fargo, for plaintiff and appellee.

Craig M. Richie (argued), of Richie & Associates, Fargo, for defendant and appellant. Appearance by Marilyn J. Buzick.

NEUMANN, Justice.

Marilyn Buzick appealed from a divorce judgment, asserting that the trial court erred in dividing the marital assets and failing to provide spousal support. We affirm.

Marilyn and Duane Buzick were married in 1989. Marilyn and her three children from prior relationships moved into Duane's house in Gardner, North Dakota. No children were born of the marriage. Duane brought this divorce action in August 1993. At the time of trial, Duane was 50 and Marilyn was 37.

The evidence at trial was conflicting. The trial court specifically found Marilyn was not a credible witness, and that Marilyn's continual lying to Duane during the marriage contributed to the marital difficulties.

In dividing the marital property, the court awarded Marilyn two vehicles, her jewelry, her chose in action for injuries she suffered in a traffic accident, the property she brought into the marriage, and a cash award of $13,432. The court awarded Duane the remaining property, including the house and an interest in farm land Duane brought into the marriage. In essence, the trial court awarded to each party their premarital property and equally divided the property acquired during the marriage, including the

appreciation on Duane's premarital property.

Marilyn appealed from the judgment and from a separate order denying her motion seeking payment of costs for a transcript on appeal. We reversed the order denying transcript costs and remanded for entry of an order directing Duane to pay an advance on Marilyn's cash award "to allow [Marilyn] to provide a transcript." *Buzick v. Buzick*, 533 N.W.2d 676, 677 (N.D.1995). We held in abeyance the appeal from the judgment until a transcript was prepared and filed. The transcript has now been filed, the parties have submitted supplemental briefs, and the appeal from the divorce judgment is properly before us.

Marilyn asserts the trial court should have awarded her the house in Gardner, or at least the use of the house until her youngest child graduated from high school, and should have awarded her spousal support. In support of her argument, Marilyn points to evidence and "facts" in the record which, she claims, support her theory of the case.

■■■ Marilyn's argument fails to recognize or acknowledge our limited scope of review. The trial court's division of property and determination whether to award spousal support are findings of fact. *See, e.g., Theis v. Theis*, 534 N.W.2d 26, 28 (N.D.1995); *Smith v. Smith*, 534 N.W.2d 6, 12 (N.D.1995). We will not overturn a finding of fact unless it is clearly erroneous. Rule 52(a), N.D.R.Civ.P.; *Braun v. Braun*, 532 N.W.2d 367, 369 (N.D.1995). A finding is clearly erroneous only if the reviewing court, on the entire record, is left with a definite and firm conviction a mistake has been made. *Braun, supra*, 532 N.W.2d at 369. The complaining party bears the burden of demonstrating on appeal that a finding of fact is clearly erroneous. *Smith, supra*, 534 N.W.2d at 12.

■■■ This limited scope of review recognizes that the trial court, having had the opportunity to observe and assess the demeanor and credibility of the witnesses, is in a much better position to ascertain the true facts than an appellate court, which must rely on a cold record.[1] *Schmidkunz v. Schmidkunz*, 529 N.W.2d 857, 859 (N.D. 1995); *Catlin v. Catlin*, 494 N.W.2d 581, 591 (N.D.1992). We will not reexamine findings of fact made by the trial court upon conflicting evidence, and a choice between two permissible views of the weight of the evidence is not clearly erroneous. *Dalin v. Dalin*, 512 N.W.2d 685, 688 (N.D.1994); *Catlin, supra*, 494 N.W.2d at 591; *Davis v. Davis*, 458 N.W.2d 309, 315 (N.D.1990). When reasonable evidence in the record supports the findings, we will not retry the case to substitute findings we might have made for those of the trial court. *Mahoney v. Mahoney*, 538 N.W.2d 189, 193 (N.D.1995).

Marilyn directs us to parts of the record which support her version of the "facts." Although Marilyn does not expressly assert that the trial court's findings of fact are clearly erroneous, many of the "facts" she relies upon are directly contrary to the trial court's findings. Nor does Marilyn acknowledge those parts of the record which contradict her version and support the trial court's findings.

■ It would serve no purpose to discuss each of the various findings called into question by Marilyn's argument. Marilyn is, in effect, asking this court to reassess the credibility of the witnesses and retry the facts upon conflicting evidence. That is not the function of an appellate court. " 'The existence of any doubt as to whether the trial court or this Court is the ultimate trier of fact issues in non-jury cases is, we think, detrimental to the orderly administration of justice, impairs the confidence of litigants and the public in the decisions of the district courts, and multiplies the number of appeals in such cases.' " *Mothner v. Ozark Real*

---

1. Even when there is no difference between the original evidence and the record, as when a trial court draws inferences from undisputed facts or from documentary evidence, Rule 52(a) still applies. That application was made clear by the 1994 amendment to our rule, which added the words "whether based on oral or documentary evidence." Rule 52(a), N.D.R.Civ.P. ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous...."). *See* 9A Charles Alan Wright & Authur R. Miller, Federal Practice and Procedure: Civil 2d § 2587 (1995).

*Estate Co.,* 300 F.2d 617, 620 (8th Cir.1962), (quoting *Dierks Lumber & Coal Co. v. Barnett,* 221 F.2d 695, 697 (8th Cir.1955)). "Rule 52(a) should be construed to encourage appeals that are based on a conviction that the trial court's decision has been unjust; it should not be construed to encourage appeals that are based on the hope that the appellate court will second-guess the trial court." *Lundgren v. Freeman,* 307 F.2d 104, 114 (9th Cir.1962).

■ The trial court expressly considered the *Ruff–Fischer* guidelines and explained the basis for its unequal property division. *See Theis, supra,* 534 N.W.2d at 27–28; *van Oosting v. van Oosting,* 521 N.W.2d 93, 95–96 (N.D.1994). The court relied upon the respective ages of the parties, the short duration of the marriage, and the origin of the property to support its decision to, in essence, award each party his or her premarital property and equally divide the property acquired during the marriage, including appreciation on Duane's premarital property. The record also supports the trial court's finding that spousal support is not warranted.

We have reviewed the record and we are not left with a definite and firm conviction that a mistake has been made. Accordingly, the trial court's findings of fact are not clearly erroneous.

We have considered the other issues raised by the parties and find them to be without merit. The judgment is affirmed. The parties shall bear their own costs and fees on appeal.

SANDSTROM and MESCHKE, JJ., and LEE A. CHRISTOFFERSON, District Judge, concur.

LEE A. CHRISTOFFERSON, District Judge, sitting in place of LEVINE, J., disqualified.

VANDE WALLE, Chief Justice, concurring in result.

Relying on my dissent in *Buzick v. Buzick,* 533 N.W.2d 676, 678 (N.D.1995), I concur in the result.