**Melvin JACOBS, Petitioner and Appellant,**

v.

**NORTH DAKOTA STATE PERSONNEL BOARD, Respondent,**

and

**Department of Corrections and Rehabilitation, Parole and Probation, State of North Dakota, Respondent and Appellee.**

Civil No. 960001.

Supreme Court of North Dakota.

July 9, 1996.

Rehearing Denied Sept. 9, 1996.

Albert A. Wolf (argued), of Wheeler & Wolf, Bismarck, for petitioner and appellant. Appearances by Kathy Osteen, Paralegal, and Melvin Jacobs.

Tag Christian Anderson (argued), Assistant Attorney General, Bismarck, for respondent and appellee.

NEUMANN, Justice.

Melvin R. Jacobs appealed from a judgment affirming a State Personnel Board decision that Jacobs' employer, the North Dakota Department of Corrections and Rehabilitation, had cause to demote him. We affirm.

Jacobs was a classified state employee serving in the Department's parole and probation division as a correctional and rehabilitation program coordinator at paygrade 27. His duties primarily consisted of processing and forwarding interstate compact information[1] for supervision of North Dakota parolees and probationers living in other states and paroles and probationers from other states living in North Dakota. Interstate compact information must be processed and forwarded in a timely manner to maintain adequate supervision of out-of-state parolees and probationers.

In October 1992, Warren Emmer, the director of the parole and probation division, issued a written reprimand to Jacobs for "failure to maintain reasonable time-lines for

---

1. The Interstate Compact for Supervision of Parolees and Probationers is an agreement among the states which provides uniform standards for maintaining supervision of out-of-state parolees and probationers. *See* 4 U.S.C. § 112; N.D.C.C. Ch. 12–56.

the completion of assigned tasks." In conjunction with the written reprimand, Charles Placek, the specialized regional supervisor, and Jacobs implemented standards for "Auditable Issues for the Interstate Compact Office," with specific time lines for the performance of duties relating to Jacobs' job. Under those standards, if Jacobs could not comply with the time lines, he could request a written waiver.

In February 1993, Placek audited Jacobs' cases and reported Jacobs generally had complied with the time lines. In May 1993, Emmer conducted an employee performance evaluation and reported Jacobs' "ability to get work out in a timely manner has improved in the past 6 months. Audit reports are acceptable."

In November 1993, Placek audited Jacobs' cases and reported Jacobs was not adhering to the established time lines for his work. In a December 3, 1993 letter, Emmer notified Jacobs there appeared to be cause to demote him because he had failed to timely process and forward information regarding parolees and probationers. Emmer's letter cited four cases in which Jacobs had failed to timely process information after the February 1993 audit.

Jacobs responded the proposed demotion was

"retaliatory and punitive in nature as a result of Mr. Jacobs advising [Emmer] that your proposed plan to implement parole and probation fees violated the Interstate Compact Standards. While his advice to you on this issue was ultimately determined to be correct, your actions following your and Mr. Jacobs' difference of opinion were in reprisal for his stating an opinion different than yours that only receiving states are authorized to collect supervision fees and that North Dakota's plan violated the Compact."

Jacobs also claimed the lack of support staff and his workload precluded him from complying with the October 1992 time lines.

After reviewing and considering Jacobs' response, Emmer demoted Jacobs, effective January 1, 1994, to the position of Administrative Officer II at paygrade 23, with a corresponding pay reduction of $307 per month. Jacobs filed an internal grievance with the Department, and the Director, Elaine Little, upheld the demotion.

Jacobs appealed to the State Personnel Board. After a lengthy evidentiary hearing, a hearing officer found Jacobs had failed to complete his work in a timely manner. The hearing officer found Jacobs' claim the demotion was in retaliation for his opposition to Emmer's plan to implement supervision fees for parolees and probationers was not supported by the evidence. The hearing officer concluded the Department had demoted Jacobs for cause. The Personnel Board adopted the hearing officer's findings and recommendation, and the district court affirmed the Board's decision. Jacobs appealed.

■ Sections 28-32-19 and 28-32-21, N.D.C.C., outline our standard of review of a decision by the Personnel Board. *Southeast Human Service Center v. Eiseman*, 525 N.W.2d 664 (N.D.1994). Under those statutes, our review is confined to whether the Board's findings of fact are supported by a preponderance of the evidence, its conclusions of law are supported by its findings of fact, and its decision is in accordance with the law. *Berdahl v. North Dakota State Personnel Board*, 447 N.W.2d 300 (N.D. 1989). In reviewing the Board's findings of fact, we do not make independent findings or substitute our judgment for that of the Board; instead, we determine whether a reasoning mind could have reasonably determined its factual conclusions were supported by the weight of the evidence. *Id.*

■ Jacobs contends the Board's finding he failed to complete his work in a timely manner is not supported by a preponderance of evidence. He argues his demotion was a reprisal for his opposition to Emmer's plan to collect supervision fees from North Dakota parolees and probationers who were being supervised by officers in other states. The Interstate Compact precludes collection of those supervision fees, and Jacobs asserts he was demoted in retaliation for opposing the plan and reporting it to the attorney general.

Sections 54–44.3–07 and 54–44.3–12.2, N.D.C.C., allow the Personnel Board to promulgate rules for personnel issues regarding classified state employees. *Hammond v. North Dakota State Personnel Board*, 332 N.W.2d 244 (N.D.1983). Section 59.5–03–03–04, N.D.A.C., authorizes demotion of nonprobationary classified state employees for "cause." *See also* N.D.A.C. § 4–07–19–03. Cause includes conduct related to the employee's job duties, job performance, or working relationships which is detrimental to the discipline and efficiency of the service in which the employee is engaged. N.D.A.C. §§ 59.5–03–03–02(1); 4–07–19–02(1).

Section 59.5–03–03–08, N.D.A.C., precludes an appointing authority from taking reprisal action against a classified employee. Section 59.5–03–03–02(6), N.D.A.C., defines a reprisal action as "an unfavorable employment-related action taken against an employee by an appointing authority for appealing to the state personnel board, for exercising the employee's rights under the Public Employees Relations Act of 1985, for testifying before a legislative committee, or for requesting timely assistance under the employee assistance program."

■ The Board found Jacobs had failed to complete his work in a timely manner and his failure was detrimental to the discipline and efficiency of the parole and probation division. The Board also found the evidence did not support Jacobs' claim his demotion was a reprisal for his opposition to Emmer's plan to collect supervision fees from North Dakota parolees and probationers who were supervised in other states.[2] The Board concluded Jacobs was demoted for cause.

Emmer testified to documented, ongoing time management problems by Jacobs beginning with an evaluation of Jacobs' job performance in 1991. Emmer and Placek both

testified the November 1993 audit showed Jacobs had not complied with the October 1992 time lines and his failure to timely process and forward necessary information inhibited proper supervision of parolees and probationers. They also testified Jacobs never requested a waiver of the time line requirements.

Jacobs argues Placek's November 1993 audit was not reliable because some of the audited cases predated implementation of the October 1992 time lines. Placek testified the November 1993 audit included 60 randomly selected cases. Although Placek admitted some of the cases could have predated implementation of the time lines, he testified about several specific time line violations between February 1993 and November 1993. Moreover, the time line violations in the four cases cited in Emmer's December 3, 1993 predemotion letter occurred after February 1993. Jacobs offered explanations which attempted to minimize those violations. However, we believe the evidence presented to the Board is such that a reasoning mind could have reasonably determined Jacobs failed to perform his work in a timely manner and his failure was detrimental to the discipline and efficiency of the office.

Although Jacobs presented evidence which, if believed, raised an inference he was demoted in retaliation for his opposition to Emmer's plan to collect supervision fees, the Board resolved the conflicting evidence against Jacobs and in favor of the Department. We do not make independent findings of fact or substitute our judgment for that of the Board. *Berdahl.* We hold the Board's findings of fact are supported by a preponderance of the evidence and its conclusions of law are supported by its findings of fact.

We affirm the district court judgment affirming the Board's decision.

We do not approve the agency practice in this case. However, an administrative agency's findings of fact are adequate if they allow a reviewing court to understand the basis for the agency's decision. *Plenis v. North Dakota Workers Compensation Bureau*, 472 N.W.2d 459 (N.D.1991). Here, the findings of fact are sufficient for us to understand the basis for the Board's decision.

2. In agreeing with the Department's assertion the evidence did not support Jacobs' claim, the hearing officer incorporated "relevant arguments" from specific pages of the Department's posthearing brief and attached those pages to her recommended findings of fact. In *Schmidkunz v. Schmidkunz*, 529 N.W.2d 857 (N.D.1995), we refused to approve a similar practice by trial courts, but we concluded it did not constitute reversible error in that case.

SANDSTROM, Acting C.J., MARING, J., and LAWRENCE A. LECLERC, D.J., concur.

MESCHKE, J., concurs in the result.

LAWRENCE A. LECLERC, D.J., sitting in place of VANDE WALLE, C.J., disqualified.