Woodrow F. Moffett Trust v. Moffett, 1997 ND 78, 563 N.W.2d 375|N.D. Supreme Court|
Woodrow F. Moffett Trust v. Moffett, 1997 ND 78, 563 N.W.2d 375
[Go to Documents]
Filed Apr. 22, 1997
IN THE SUPREME COURT
STATE OF NORTH DAKOTA
1997 ND 78
Vicki J. Klamm and Sharyl R. Lindell, trustees of the Woodrow F. Moffett Trust, Plaintiffs and Appellees
v.
Woodrow W. Moffett, Defendant and Appellant
and
Daisy Coon, Defendant
Civil No. 960290
Appeal from the District Court for Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.
AFFIRMED.
Opinion of the Court by Neumann, Justice.
Woodrow W. Moffett, pro se, P.O. Box 312, Park River, N.D. 58270, defendant and appellant.
Sharon W. Martens of Hodny Currie Lawyers, 817 Hill Avenue, Grafton, N.D. 58237, for plaintiffs and appellees; submitted on brief.
Woodrow F. Moffett Trust v. Moffett, et al.
Civil No. 960290
Neumann, Justice.
[¶1] Woodrow W. Moffett appeals from the district court's judgment of eviction against him. We affirm.
[¶2] Woodrow F. Moffett, the appellant's father, established a trust in 1984. Under the trust, Woodrow F. Moffett named his three children, Vicki J. Klamm, Sharyl R. Lindell, and Woodrow W. Moffett (Moffett), the appellant, as his beneficiaries. Vicki and Sharyl were designated trustees of the trust. The trust property included farmland and Woodrow F. Moffett's home, located at 209 Wadge Avenue North, Park River, North Dakota.
[¶3] In January 1996, after Woodrow F. Moffett passed away, the trustees created a tenancy at will that allowed their brother, Moffett, to reside at the home, subject to certain orally agreed conditions. Among the conditions, the trustees were allowed to store miscellaneous personal belongings at the house.
[¶4] Moffett moved into the premises with his friend, Daisy Coon, and their five-year-old daughter, Priscilla. While living in the home, Moffett failed to abide by the oral conditions agreed upon when the trustees created the tenancy. According to testimony, Moffett and Coon did not allow the trustees on the premises to inspect the property and take possession of their belongings. Consequently, the trustees notified Moffett they were terminating the tenancy. Moffett and Coon continued to live on the premises.
[¶5] On August 2, 1996, the trustees served both Moffett and Coon with a summons and complaint for eviction, and a notice of hearing. Moffett and Coon did not respond.
[¶6] On August 16, 1996, the district court held an eviction hearing. Moffett and Coon submitted motions to dismiss the complaint, but they did not appear at the hearing. The district court denied the motions to dismiss.
[¶7] At the hearing, the plaintiffs submitted evidence showing they were trustees of the trust property, including the home; Moffett was an at-will tenant whom the trustees wished to evict; and, Moffett had received notice of the termination of the lease. The district court ordered Moffett and Coon to leave the premises by September 13, 1996. Moffett appeals the eviction, arguing the service of process was insufficient.
[¶8] Moffett argues the court lacked personal jurisdiction over him because there was insufficient service of process. In making his argument, Moffett devotes a substantial part of his brief to contesting the evidence on the record. Moffett suggests he did not have knowledge of the eviction, and the evidence documenting proper service has been falsified.
[¶9] The district court's findings of fact are presumed to be correct, and will not be reversed unless they are clearly erroneous. Habeck v. MacDonald, 520 N.W.2d 808, 813 (N.D. 1994); Rule 52(a), N.D.R.Civ.P. A finding of fact is clearly erroneous if no evidence supports it, or if we are left with a definite and firm conviction a mistake has been made. Estate of Nelson, 553 N.W.2d 771, 773 (N.D. 1996). The party challenging a finding of fact on appeal bears the burden of demonstrating the finding is clearly erroneous. Habeck, 520 N.W.2d at 813.
[¶10] The record contains testimony and exhibits showing Moffett and Coon were served notice of the termination of the tenancy. At the eviction hearing, Vicki Klamm, a trustee, testified Moffett had failed to abide by the oral agreement under the lease, and that the trustees therefore had their attorneys serve him with eviction documents. The record includes: (1) a return of service for a notice of termination from the Park River Chief of Police on April 26, 1996, and May 11, 1996; (2) a return of service for a notice of intention to evict from the Walsh County Sheriff on June 19, 1996, and July 26, 1996; (3) and a return of service for the summons and complaint and notice of hearing from the Walsh County Sheriff on August 2, 1996. Moffett submitted nothing to rebut this evidence.
[¶11] The district court is in the best position to weigh the evidence and judge the credibility of the witnesses. Estate of Nelson, 553 N.W.2d at 774. On appeal, we will not substitute our findings for those of the district court if reasonable evidence supports the court's findings. Buzick v. Buzick, 542 N.W.2d 756, 758 (N.D. 1996). Based on the record, there is reasonable evidence supporting the district court's finding that Moffett received proper notice of termination and intention to evict. Moffett has failed to carry his burden of demonstrating that the district court's findings of fact are clearly erroneous.
[¶12] Moffett argues the service of process is insufficient because he was not personally served. Though it is not shown by the evidence in the record, Moffett explains he is a truck driver and was out of town on the dates of the service.
[¶13] Rule 4(d)(2)(A)(ii), N.D.R.Civ.P., provides that personal service of process may be made by:
"[L]eaving a copy thereof [of a summons] at the individual's dwelling house or usual place of abode in the presence of a person of suitable age and discretion then residing therein."
[¶14] The record contains returns of servicefrom the sheriff and police chief evidencing that Daisy Coon was properly served with the notice of termination, notice of intention to evict, and the summons and complaint for the eviction. Although Moffett may not have been personally served, under Rule 4(d)(2)(A)(ii), service was satisfied when Daisy Coon, who is of suitable age, received the documents at Moffett's residence.
[¶15] In conjunction with his insufficiency of service of process argument, Moffett suggests the district court erred by denying his motion to dismiss the eviction action. We do not believe the district court abused its discretion by denying Moffett and Coon's motions to dismiss.
[¶16] On the morning of the eviction hearing, Moffett and Coon submitted motions to dismiss the eviction action. The briefs in support of the motions to dismiss argued the service of process was insufficient and the court lacked subject-matter jurisdiction over the eviction. The district court denied the motions because the briefs were not accompanied by an affidavit or any other evidence in support of their contentions. In denying the motions to dismiss, the district court noted Moffett and Coon had not submitted any evidence establishing a deficiency in the service of process. The record did not factually support their motions. Additionally, Moffett and Coon did not appear for the hearing to present oral testimony. Without factual evidence supporting the defendants' contentions, the district court did not abuse its discretion by denying the motions to dismiss.
[¶17] We affirm the judgment of eviction.
[¶18]
William A. Neumann
Mary Muehlen Maring
Herbert L. Meschke
Dale V. Sandstrom
Gerald W. VandeWalle, C.J.