1998 ND 155

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Ricky Allen KINSELLA, Defendant and Appellant.**

Criminal No. 970361.

Supreme Court of North Dakota.

Aug. 18, 1998.

Ladd R. Erickson, Assistant State's Attorney, Mandan, for plaintiff and appellee. Submitted on brief.

Ralph A. Vinje, of Vinje Law Firm, Bismarck, for defendant and appellant. Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Ricky Allen Kinsella appealed from a criminal judgment of conviction for possession of a controlled substance with intent to deliver. We conclude the trial court properly refused to suppress evidence obtained in a search of Kinsella's residence, and we therefore affirm the judgment.

[¶ 2] Kinsella was convicted of felony drug possession in Montana in 1995. He was given a suspended sentence and placed on probation. To accommodate Kinsella's desire to move to North Dakota, supervisory authority was transferred to the North Dakota Department of Corrections and Rehabilitation under the provisions of the Interstate Compact for Supervision of Parolees and Probationers, N.D.C.C. ch. 12–56. Upon his arrival in North Dakota, Kinsella met with his North Dakota probation officer and signed a probation agreement in which he consented to warrantless searches by probation officers:

> I will submit to search of my person, vehicle, or place of residence by any probation officer at any time of the day or night, with or without a search warrant.

[¶ 3] In January 1997, probation authorities received information Kinsella had controlled substances in his home. They conducted a warrantless search of Kinsella's home and found thirteen pounds of marijuana.

[¶ 4] Kinsella was charged with possession with intent to deliver. He moved to suppress the evidence from the search of his home, arguing it was an unconstitutional warrantless search. The trial court denied the motion to suppress, and Kinsella entered a conditional plea of guilty under N.D.R.Crim.P. 11(a)(2), reserving the right to challenge on appeal the denial of his suppression motion.

 [¶ 5] On appeal, Kinsella raises issues challenging the authority of a Montana judge

to "order a search of a North Dakota home" and asserting the search in this case was not authorized by the conditions of probation outlined in the Montana sentencing order.[1] Kinsella's arguments ignore the dispositive factor in this case: Kinsella signed a probation agreement consenting to a warrantless search of his home as a condition of his transfer to and probation in this state. The State does not rely upon the Montana court order to justify this search, but argues it was a valid consent search.

[¶ 6] The Interstate Compact is an agreement among the states which provides standards for supervision of out-of-state parolees and probationers. *Jacobs v. North Dakota State Personnel Board,* 551 N.W.2d 779, 780 n. 1 (N.D.1996). It provides, in part:

> [The] receiving state will assume the duties of visitation of and supervision over probationers or parolees of any sending state and in the exercise of those duties will be governed by the same standards that prevail for its own probationers and parolees.

N.D.C.C. § 12–56–01(2).

[¶ 7] A "receiving state" which agrees to accept an out-of-state probationer is free to impose its own conditions on the probationer, including consent to warrantless searches, and a probationer who agrees to those additional conditions is bound by them. *See State v. Martinez,* 198 Wis.2d 222, 542 N.W.2d 215, 218–19 (Ct.App.1995). North Dakota probationers may, by statutory authority, be required to sign a consent to a search of their person, residence or vehicle without a warrant. N.D.C.C. § 12.1–32–07(4)(n). *See, e.g., State v. LaFromboise,* 542 N.W.2d 110 (N.D.1996); *State v. Perbix,* 331 N.W.2d 14 (N.D.1983). North Dakota may therefore require Kinsella to consent to additional probation conditions before accepting his transfer into the state. Kinsella voluntarily signed the agreement consenting to the search in this case. Accordingly, the search was valid and the court did not err in refusing to suppress the evidence discovered during the search.

[¶ 8] The judgment of conviction is affirmed.

[¶ 9] MESCHKE, SANDSTROM, NEUMANN and MARING, JJ., concur.

1. The Montana sentencing order contained the following provision:

> That the Defendant upon reasonable cause, you shall, while on parole or probation, submit to a search of your person, vehicle, or residence by a Probation/Parole Officer, at anytime, without a warrant.